46888.   COHN et al. v. COMBS.
46889.   COHN v. COMBS.

EBERHARDT, Presiding Judge. These two appeals are from cases tried together in the lower court based on an intersectional collision on August 11, 1962, in the City of Atlanta between an ambulance operated by Combs and an automobile operated by E. B. Cohn. Appeal No. 46888 involves the claim of B. H. Cohn and Ann Cohn, co-executors of the estate of Flora Cohn, a passenger in the automobile, who allegedly died from injuries received in the collision. Appeal No. 46889 involves the claim of E. B. Cohn individually. The jury found for the defendant. The plaintiffs appeal from the adverse judgments and the overruling of motions for new trial. *Held:*

1. The instructions as given to the jury include ordinances of the City of Atlanta and general State law regarding the operation of authorized emergency vehicles, as well as general traffic regulations. The trial judge explained the situation as follows: "I am going to give you the law both ways because it will be your duty to make a determination as to whether it was an authorized emergency vehicle and whether the law applying to an authorized emergency vehicle would apply or whether the law relating to motor vehicles in general would apply."

This was an inept way of phrasing the charge, and if the plaintiff had not, by his pleading of the city ordinance relative to emergency vehicles, and by his evidence, induced the charge relative thereto, we might have agreed that the charge was error. But plaintiff pleaded as an act of negligence violations of the Traffic Code of the City of Atlanta, § 30.51 (c) "by not displaying a red light and by not sounding a siren." His witness, an investigating policeman, testified as to conversations with the drivers of both vehicles, and it was brought out that defendant's vehicle was an ambulance and that it was on its way to a hospital, taking a patient. The policeman asserted that he had not checked to ascertain whether the (red) dome

light and siren were in working order.

This pleading and evidence clearly put the matter of an emergency vehicle into the case, for there is no requirement of red dome lights and sirens on any other kind. Accordingly, whether it had been approved by the chief of police of an incorporated city or town became immaterial. This was presupposed by the plaintiff's own pleading and evidence. Of course the law authorizing emergency vehicles to operate in a manner different from that of others is dependent upon whether, at the time, it was on an emergency mission. *City of Macon v. Smith,* 117 Ga. App. 363 (1) (160 SE2d 622). There was evidence that would have authorized the jury to conclude that defendant's vehicle was on such a mission. It was not, therefore, improper for the court to instruct the jury that they should determine whether the law applying to emergency vehicles or that applying to others applied, and to instruct them as to the law applying to both kinds of vehicles in their operation on the public streets and at intersections.

Perhaps the real question with which the jury found itself concerned was that of who had the green light at the intersection. There was conflicting evidence as to that, and the jury was fully authorized to conclude that the green light indeed had favored the ambulance.

We find no harmful error in the charge.

2. The trial judge instructed the jury on the comparative negligence rule as applicable to the claim of the co-executors in respect to the negligence of E. B. Cohn, if any. Error is asserted and argued on the basis that E. B. Cohn was not an interested party to this claim. He is a brother of the deceased Flora Cohn and one of the next of kin entitled to share in her estate.

While the plaintiffs in this case purported by amendment to eliminate E. B. Cohn as an interested dependent next of kin, to meet the requirements of *Code* § 105-1309 in effect before the 1969 change eliminating the dependency requirement (cf. Ga. L. 1924, p. 60; 1969, p. 762) the

claim nevertheless still included a survival action for conscious pain and suffering before death outside the scope of § 105-1309 and instead based on the provisions of *Code Ann.* § 3-505, as amended, as well as expenses cognizable under *Code Ann.* § 105-1310. To the extent that E. B. Cohn might benefit as a next of kin in any recovery outside the category of a dependent next of kin, we think his negligence, if any, should have been considered, but it would not diminish or defeat the wrongful death action for the benefit of any dependent next of kin based on the negligence of the defendant as a proximate cause, as distinguished from a determination that the proximate cause was the negligence of E. B. Cohn, unmixed with any negligence of the defendant, which would defeat any recovery whatsoever.

It appears from a review of the entire record and transcript that this is a case in which use of a pre-trial conference and order under CPA § 16 *(Code Ann.* § 81A-116), would have served to clarify as well as simplify the proceedings, but there was no demand therefor, and thus no pre-trial order. We find no error requiring the grant of a new trial.

3. The general grounds are without merit.

*Judgments affirmed. Deen and Clark, JJ., concur.*
SUBMITTED FEBRUARY 7, 1972—DECIDED MAY 12, 1972.

*Richard R. McCauley,* for appellants.
*Chance & Maddox, R. F. Chance,* for appellee.